IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE C. KONZEN, | ) | CASE NO. 5:11 CV 1522 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Diane C. Konzen, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Konzen had severe impairments consisting of bipolar disorder, post-traumatic stress disorder (PTSD), and back pain.[1] The ALJ made the following finding regarding Konzen's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is able to occasionally lift 20 pounds and frequently lift 10 pounds; is able to stand and walk 6 hours of an 8-hour workday; is able to sit for 6 hours of an 8-hour workday; and is able to unlimited push/pull. In addition, the claimant can perform simple repetitive tasks in a solitary, low-stress environment as

---

[1] Transcript ("Tr.") at 15.

well as in a job with infrequent changes in work routine and no strict time or production demands.[2]

Based on that residual functional capacity, the ALJ found Konzen capable of her past relevant work as a fast food worker, waitress, counter attendant, and inspector and, therefore, not under a disability.[3]

Konzen asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, this case presents two issues for decision:

- Is there error in that, although the ALJ improperly decided this case at step four, on review the Appeals Council identified that error and then, based on the record made by the ALJ, decided the case at step five?

- Did the ALJ properly weigh and articulate with respect to the opinions of a mental health counselor/registered nurse/physician's assistant, who treated Konzen? The ALJ gave those opinions little weight and decided to instead rely on two opinions given by acceptable medical sources – psychologists: one being an examining psychologist and the other being a reviewing psychologist.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[2] *Id.* at 17.

[3] *Id.* at 21, 22.

## Analysis

**1.    Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[4]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[5] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[6]

---

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[5] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[6] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.     The ALJ's error in deciding this case at step four is moot.**

On the first issue, as developed on the record of the oral argument herein, nothing in the regulations, rulings, or case law prohibits the Appeals Council, having identified an error by the ALJ, from correcting the ALJ's error and making a final ruling on the record rather than just remanding the case back to the ALJ. Doing so is consistent with my opinion in *Pechatsko v. Commissioner of Social Security.*[7]

The proper inquiry is whether the record contains substantial evidence in support of the finding and final decision on the application made by the Appeals Council. Here, the Appeals Council rejected the ALJ's step four finding[8] but found on the record made by the ALJ at step five that a substantial number of jobs existed in the national economy that Konzen could perform.[9]

In questioning the vocational expert ("VE"), the ALJ went beyond step four to inquire about other jobs existing in significant numbers in the national economy that Konzen could perform.[10] The VE identified such jobs.[11] The Appeals Council found no disability based on

---

[7] *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909 (N.D. Ohio 2004).

[8] Tr. at 4.

[9] *Id.* at 5.

[10] *Id.* at 93-95.

[11] *Id.*

that testimony.[12] The step five decision did not involve credibility or anything beyond the administrative record. The Appeals Council, therefore, was well within its rights to go ahead and make the step five finding rather than remanding to the ALJ for further consideration.

**3.    The ALJ's treatment of opinions of medical sources not considered "acceptable medical sources" under the regulations**

The second issue goes to the weight afforded the opinions of Kathleen Cockfield, a registered nurse and physician's assistant. Konzen recognizes that Cockfield is not an acceptable medical source under the applicable regulations.[13] The record contains two teledictation reports from Cockfield.[14] The ALJ gave little weight to her evaluations and stated reasons for the weight assigned.[15]

The ALJ also identified and weighed the opinions of two acceptable medical sources – Douglas Pawlarcyzk, Ph.D., a state agency psychological consultant; and Frederick Leidal, Psy.D., who performed a consultative evaluation.[16] Both of these opinions are

---

[12] *Id.* at 5.

[13] ECF # 16 at 14-15.

[14] Tr. at 233-34, 279-80.

[15] *Id.* at 19-20.

[16] *Id.* at 19-20, 252-55 (Dr. Pawlarcyzk's mental residual functional capacity assessment), 269-74 (Dr. Leidal's psychological examination).

consistent with the ALJ's RFC finding,[17] and the ALJ afforded them great weight with discussion of the reasons for the weight assigned.[18]

Because two acceptable medical sources come to "dead on" conclusions consistent with the ALJ, this is more than substantial evidence. And even though Cockfield's evaluations had something to add to the mix, her opinions were fully considered. The ALJ applied best practices and went the extra mile by treating Cockfield's evaluations more or less as acceptable on par with a medical source. She identified Cockfield, acknowledged her opinions, weighed the opinions, and gave reasons for the weight assigned to them. On balance, a reasonable mind can accept the ALJ's decision to give greater weight to the opinions of the two acceptable medical sources.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Konzen had no disability. Accordingly, the decision of the Commissioner denying Konzen disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: September 29, 2012          s/ William H. Baughman, Jr.
                                   United States Magistrate Judge

---

[17] *Id.*

[18] *Id.* at 19-20.